OPINION
Defendant-appellant Benjamin Breakall appeals the judgment entry of the Coshocton County Court of Common Pleas, Juvenile Division, finding him to be a delinquent child by reason of committing arson, a fourth degree felony, and sentencing him accordingly. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS
The following fact were stipulated to by the parties.
On October 30, 1997, Benjamin Breakall was in the company of Brett Kanavel, Jared Allen, Charles Carr, and Craig Matthews. The youths were apparently trick or treating. They stopped at the residence of Thomas Dile, located at 411 North 15th Street, Coshocton, Ohio.
From the residence, the youths proceeded to walk past the Colonial Flag Company. After separating from the rest of the group, appellant and Carr walked up to a dumpster. Mr. Dile saw appellant and Carr reach into the dumpster. Shortly thereafter, smoke was observed coming from the dumpster, which abutted the loading dock of the Colonial Flag Company. Appellant admitted to his involvement in starting the fire.
Mr. Dile yelled for his wife to call the Fire Department and proceeded to chase down the youths. He caught one of them and held him until the authorities arrived.
Within minutes, members of the Coshocton Fire Department responded to the scene. The dumpster was fully ablaze and was threatening to catch the overhang of the loading dock on fire. Firefighters quickly put out the dumpster fire.
Captain Michael Layton of the Coshocton Fire Department would testify the amount of damage caused by the fire was less than $500.00 and he would also testify the fire caused a substantial risk of physical harm to the building which is valued in excess of $500.00.
This opinion was based upon the fact there was already visible scorching caused to the Colonial Flag Company. Due to its age and construction, the building would have been a total loss had the fire continued for a few more minutes.
Based upon the above facts, the trial court found appellant to be a delinquent child by committing arson, R.C. 2909.03(A)(1), and sentenced appellant according to law via Judgment Entry filed June 11, 1998. It is from that judgment entry appellant prosecutes this appeal, assigning as error:
 THE TRIAL COURT FOUND THE DEFENDANT GUILTY OF ARSON.
Although the assignment of error states a fact as opposed to alleging any error, upon review of appellant's argument, we determine appellant alleges the trial court erred as a matter of law in finding the conduct of appellant constituted a fourth degree felony, as opposed to a misdemeanor, when applying the penalty section, R.C. 2909.03(B)(2)(b).
R.C. 2909.03(A)(1) reads, "No person by means of fire or explosion, shall knowingly do any of the following: cause or create a substantial risk of physical harm to any property of another without the other persons consent." R.C. 2909.03(B)(2)(b) states, a violation of R.C. 2909.03(A)(1), arson, is a felony of the fourth degree, "If the value of the property or the amount of physical harm involved is $500 or more." (Emphasis added).
Appellant contends the inclusion of the word "or" in the penalty provision creates ambiguity because any fire has the potential to cause damage in excess of $500. Because the damage in the case sub judice was less than $500, appellant asserts the appropriate penalty should have only been a misdemeanor. We disagree.
The underlying arson statute clearly contemplates the commission of the crime even when no actual physical harm results. The statute criminalizes, in part, conduct which merely creates a substantial risk of physical harm to property. When read in conjunction with the underlying charge, we find the language in the penalty provision, "if the value of the other property", refers not only to the property actually harmed, but also to the value of any property in substantial risk of harm. Because the fire caused a substantial risk of physical harm to the building, which is valued in excess of $500, we find the trial court properly found the violation constituted a felony of the fourth degree. Accordingly, we overrule appellant's sole assignment of error.
The judgment of the Coshocton County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.